HUGH HENDERSON, Secretary Department of Employment Relations
Your predecessor requested my opinion as to the intent of sec.230.36, Stats., as renumbered from sec. 16.31 by sec. 57 of ch. 196, Laws of 1977, in relation to long-term disability. The statute provides *Page 26 
for salary continuation for employes in hazardous employment positions who are injured or subjected to disease during
performance of their duties. She stated that she understood that sec. 230.36, Stats., is intended for short-term situations until a determination can be made whether the employe should be on worker's compensation, income continuation or disability retirement, etc.
Whereas speculations as to intended meaning may be accurate as to sec. 16.31, Stats., as originally enacted in ch. 262, Laws of 1961, it is my opinion that the Legislature did not necessarily intend that the preferred treatment of an employe, who qualifies under sec. 230.36, Stats., should only continue on a short-term or interim basis. I base this opinion on the language of the section itself as well as the various changes in this section since its enactment.
Rights granted by the statute to persons engaged in hazardous employment injured in the course of that employment are substantial. The statute currently provides:
 [T]he employe shall continue to be fully paid by the employing agency upon the same basis as paid prior to the injury with no deduction from sick leave credits, compensatory time for overtime accumulations or vacation. Such full pay shall continue, while the employe is unable to return to work as the result of the injury, or until the termination of his or her employment upon recommendation of the appointing authority. At any time during the employe's period of disability the appointing authority may order physical or medical examinations to determine the degree of disability at the expense of the employing agency.
Former sec. 16.31, Stats., was created by ch. 262, Laws of 1961, as an outgrowth of a bill introduced at the request of the Wisconsin Employees Association. As originally enacted it provided, in part:
 (1) Whenever a conservation warden . . . [list of employes omitted] suffers injury while in the performance of his duties, as defined in subs. (2) and (3), he shall continue to be paid his full monthly salary by his employing department upon the same basis as he was paid prior to the injury. Such full monthly salary shall be paid to the employe while he is unable to work as the result of the injury for not to exceed 3 months. When the employe is paid such salary under this section there shall be no *Page 27 
deduction from his sick leave credits, compensatory time for overtime accumulations or vacation.
Subsection (4) of sec. 16.31, as enacted, gave the employe the right to appeal to the state personnel board from any denial of benefits by the employing department and on appeal granted the board power to grant or deny the application for benefits or to make an order as to the duration thereof.
Chapter 171, Laws of 1965, amended sec. 16.31 (1), to provide in part that full pay continue "for not to exceed 3 months uponrecommendation of the appointing officer and approval of thedirector of personnel."
The same chapter amended sec. 16.31 (4) to provide for an appeal by the employe to the state personnel board from a denial of benefits by the employing department "or the director ofpersonnel."
In the 1965 Legislative Session, attempts were made to increase the three-month limit to six or nine months or to eliminate it entirely; and proponents of the latter alternative were successful. Chapter 655, Laws of 1965, amended sec. 16.31 (1) to eliminate the three-month limitation. That act provided in material part:
 Whenever . . . [a listed employe] suffers injury while in the performance of his duties, as defined in subs. (2) and (3), he shall continue to be paid his full monthly salary by his employing department upon the same basis as he was paid prior to the injury. Such full monthly salary shall be paid to the employe while he is unable to work as the result of the injury [for not to exceed 3 months]* or until the termination of his employment upon recommendation of the appointing officer and approval of the director of personnel. When the employe is paid such salary under this section there shall be no deduction from his sick leave credits, compensatory time for overtime accumulations or vacation. At any time during the employe's period of disability the director may order physical or medical examinations to determine the degree of disability at the expense of the employing department.
Chapter 270, Laws of 1971, rearranged the language of sec. 16.31 (1), provided that the appointing authority rather than the *Page 28 
director or head of the personnel function could require an examination and amended sec. 16.31 (4) to provide for appeal to the director of the bureau of personnel. In material part, ch. 270, Laws of 1971, changed sec. 16.31 (1) as follows:
 (1) Whenever . . . [a listed employe] [suffers injury as defined in sub. (2)]** he shall continue to be [fully]**
paid [his full monthly salary]* by his employing department upon the same basis as he was paid prior to the injury [with no deduction from sick leave credits, compensatory time for overtime accumulations or vacation]**. Such full [monthly salary]* [pay]** shall [be paid to the employe]*
[continue]**, while he is unable to [return to]** work as the result of the injury[,]** or until the termination of his employment upon recommendation of the appointing [officer and approval of the head of the personnel function. When the employe is paid such salary under this section there shall be no deduction from his sick leave credits, compensatory time for overtime accumulations or vacation]*
[authority]**. At any time during the employe's period of disability the [head of the personnel function]*
[appointing authority]** may order physical or medical examinations to determine the degree of disability at the expense of the employing department.
No material change in the section occurred since the section was renumbered sec. 230.36 (1) by ch. 196, Laws of 1977.
Thus, at present a covered employe who is injured within the meaning of the statute is entitled to be carried on a full-pay, no-work status "while the employe is unable to return to work as the result of the injury, or until the termination of his or her employment upon recommendation of the appointing authority." See
sec. 230.36 (1) as amended by chs. 26 and 196, Laws of 1977. If the appointing authority denies benefits, the employe may appeal to the personnel commission by reason of sec. 230.36 (4), Stats. If the appointing authority grants benefits, he or she can later require the employe to submit to an examination to determine the employe's disability, if any, and whether said employe is capable of returning to work. The statutes do not expressly require the appointing authority to require the employe to submit to a medical or physical examination but rather provide that the appointing authority "may" order or "may" require such examinations. See secs. 230.36 (1) and 230.37 (2), Stats. But, Wis. Adm. Code section Pers 28.04 (3) provides in part: "Periodic reports *Page 29 
on the status of the employe's disability and anticipated date of return to work shall be required by the appointing authority." (Emphasis added.)
Wisconsin Administrative Code section Pers 28.05 (1) does require the employe to submit to such examinations "as may be required by the appointing authority"; and Pers 28.05 (2) provides that refusal of the employe to submit to such examinations "shall constitute grounds for disciplinary action." Wisconsin Administrative Code section Pers 28.05 (3) contemplates that where medical examinations are required the appointing authority has an affirmative duty to "determine the extent to which leave with pay shall be granted or take action to terminate employment." Section 230.36, Stats., provides that the full-pay, no-work status shall continue "while the employe is unable to return to work as the result of the injury, or until the termination of his or her employment upon recommendation of the appointing authority."
In my opinion, in a case where the employe could not return to work within a reasonable period, the appointing authority could proceed to terminate such employe from the service under sec.230.37 (2), Stats., which provides:
 When an employe becomes physically or mentally incapable of or unfit for the efficient and effective performance of the duties of his position by reason of infirmities due to age, disabilities, or otherwise, the appointing authority shall either transfer him to a position which requires less arduous duties, if necessary demote him, place him on a part-time service basis and at a part-time rate of pay or as a last resort, dismiss him from the service. The appointing authority may require the employe to submit to a medical or physical examination to determine his fitness to continue in service. The cost of such examination shall be paid by the employing agency. In no event shall these provisions affect pensions or other retirement benefits for which the employe may otherwise be eligible.
Where coverage had been approved by the appointing authority as provided in Wis. Adm. Code section Pers 28.04 (2), and where the appointing authority did not thereafter seek medical examination of the employe, deny benefits or proceed to terminate the employe, the *Page 30 
employe would have a right to continue in the full-pay, no-work status for an extended period of months or years until some action to change the status is initiated.
An employe on full-pay, no-work status under sec. 230.36, Stats., could voluntarily terminate, return to work if not disabled or seek lesser benefits under the worker's compensation or retirement laws. This opinion cannot speculate on all of the complications which might arise in specific cases where conflicts exist between the various benefits available to employes injured while on duty. The worker's compensation law does have an exclusive remedy provision. Section 102.03 (2), Stats., provides: "Where such conditions exist the right to the recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer and the worker's compensation insurance carrier." In my opinion such provision would not bar an employe in a hazardous employment position, who was injured in the course of the performance of his or her duties, from receiving the full-pay, no-work benefits under sec. 230.36, Stats.
BCL:RJV
*
[EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
**
[EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS ADDED IN THE ORIGINAL TEXT.]